IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **REGINALD JEROME CASSADY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-00078 |
| | ) | |
| **JOEL ZIEGLER, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 18, 2012, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner states that he was convicted in the Middle District of North Carolina of one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Id.) Petitioner states that "the Court imposed a term of 120 months on the felon-in-possession count to run concurrent with a term of 180 months imprisonment on the cocaine base count." (Id.) Citing Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner alleges that he is actually innocence of his Section 922(g) conviction for being a felon in possession of a firearm and his sentencing enhancement for being a career offender. (Id.) Petitioner requests that this Court vacate his Section 922(g) conviction and adjust his cocaine

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

base sentence to excluded the career offender sentencing enhancement.[2] (Id.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). The Bureau of Prisons' Inmate Locator indicates that Petitioner died on August 5, 2014. By virtue of Petitioner's death, the

---

[2] Citing *Carachuri-Rosendo* and *Simmons*, Petitioner argues that the sentencing Court improperly considered a prior state conviction as a predicate offense for purposes of classifying him as a career offender pursuant to U.S.S.G. § 4B1.1(a). The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon *Simmons* and *Carachuri-Rosendo* does not meet the requirements of the saving clause. *See Bennett v. United States*, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); *also see Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); *Underwood v. Cauley*, Case No. 1:11-cv-0217 (S.D.W.Va. Aug. 22, 2014)(J. Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); *Noggin v. Wilson*, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); *Chambers v. United States*, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); *Moon v. United States*, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition).

Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241. See Garceau v. Woodard, 399 F.3d 1101 (9th Cir. 2005)(dismissing *habeas* petition as moot where petitioner died while in custody); Rivera v. Pearlman, 2004 WL 533333, * 1 (S.D.N.Y. March 16, 2004)(dismissing Section 2241 petitioner where petitioner died while in custody). Accordingly, Petitioner's claims are rendered moot by virtue of his death, and therefore, his Section 2241 Application must be dismissed.

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 21, 2014.

R. Clarke VanDervort
United States Magistrate Judge